[Civ. No. 52618. Second Dist., Div. Four. Feb. 8, 1979.]

LOS ANGELES COUNTY EMPLOYEES' ASSOCIATION, LOCAL NO. 660 et al., Plaintiffs and Respondents, v. SANITATION DISTRICT NO. 2 OF LOS ANGELES COUNTY, Defendant and Appellant.

## COUNSEL

Musick, Peeler & Garrett, Larry A. Curtis, Richard J. Simmons and J. Michael Dwyer for Defendant and Appellant.

Geffner & Satzman, Jeff Paule and Michael Posner for Plaintiffs and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—The sanitation district appeals from a judgment granting a writ of mandate ordering the reinstatement of an employee of the district. We affirm the judgment.

The employee, Kim Lyman, was a permanent employee of the district. In July of 1976 there occurred a work stoppage by certain "blue collar" workers of the district. Lyman participated in that work stoppage in the face of an injunction against it and against coercion of other employees, issued by the superior court in its action C-166, 219. Lyman's friend, Butler, did not participate. At approximately 2 a.m., on July 9, 1976, Lyman, accompanied by another employee, Thompson, went to Butler's home and attempted to talk to Butler. An altercation ensued. On July 14, 1976, the district sent to what it believed to be Lyman's home address, a letter of termination. That letter read as follows:

"Subject: Preliminary Notice of Intent to Discharge

"This letter is to inform you of our intent to discharge you from your permanent position as Power Equipment Operator II and from District service effective on Tuesday, July 20, 1976. The following constitutes the grounds for your proposed discharge:

"Provoking a fight with District employee, Willie C. Butler, at approximately 2:00 a.m., Friday, July 9, 1976, during a period when you were participating in the concerted strike activity and picketing against the Districts.

"All written materials, reports, and documents upon which this action is based are available for your review. If you wish to see them or obtain copies, please contact Frank Dair at the above telephone number.

"You may respond, either orally or in writing or both, to the charges contained in this letter. To respond in writing you have until 10:00 a.m., Monday, July 19, 1976, to provide Frank Dair, Department Head, with your answer to these charges. If you wish to respond orally, you may meet with Mr. Dair at his office at the Joint Administration Office at the above address at 10:00 a.m., on Monday, July 19, 1976. If you wish to discuss this with Mr. Dair orally before that time, he may be reached at the above telephone number.

"If you have not contacted Mr. Dair by 10:00 a.m., Monday, July 19, 1976, it will be assumed that you do not want to avail yourself of these procedures." On September 15, 1976, a hearing was held before the personnel manager and the assistant general manager of the district, with Lyman represented by Jack Roberts. The "hearing" lasted only a few minutes and resulted in an official notice of termination, reading as follows:

*"Third Step Grievance Regarding Termination*

"On September 15, 1976 the third step of the grievance which you filed regarding your termination from employment at the Sanitation Districts was conducted at the Joint Administration Office. You and Jack Roberts were offered an opportunity to review the circumstances which were relevant to your termination from employment. The writer was not persuaded that any additional relevant testimony was presented at that meeting which would alter the records which already had been assembled regarding the subject grievance. Consequently, you are hereby advised that your termination as of July 20, 1976 is considered final.

"This correspondence concludes, as far as this office is concerned, any further consideration of your employment with the Sanitation Districts." The present proceeding followed,[1] resulting in a judgment for Lyman. The district has appealed; we affirm.

I

The briefs discuss, at length, whether the proceeding below should have been treated as one for traditional mandate under section 1085 of

---

[1]The petition originally sought, as an alternative remedy, an order for impartial arbitration of the termination. A demurrer to that cause of action was sustained on the ground that, at the time involved, no memorandum of understanding calling for arbitration existed. The case then proceeded on the count seeking mandate.

the Code of Civil Procedure, or as one for administrative mandamus under section 1094.5 of that code. We conclude that the trial court properly treated the case before it as one under section 1094.5. That section reads, in pertinent part, as follows:

"(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer, the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs.

"(b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

"(c) Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence; and in all other cases abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record.

"(d) Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (e) of this section remanding the case to be reconsidered in the light of such evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit such evidence at the hearing on the writ without remanding the case." ■ We agree with Lyman that it is

immaterial that no "Memorandum of Understanding" existed between his union and the district and that he cannot point to any express statute requiring a hearing. It is clear from the lengthy discussion in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774], that, as a minimum, a permanent employee is entitled, under due process requirements, to a notice of the action, and a hearing before an impartial official, with the right to appear personally, to confront and examine adverse witnesses, to present favorable evidence and to be represented by counsel.

Those requirements, based on both the state and federal Constitutions, make such a hearing a matter required by law, within the meaning of subdivision (a) of section 1094.5.

## II

■ The district appears to argue that, in any event, the trial court should have applied the "substantial evidence" test in determining the petition for mandate. That contention is in direct opposition to *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], where the Supreme Court said (at p. 32): "If the order or decision of the agency substantially affects a fundamental vested right, the trial court, in determining under section 1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence. If, on the other hand, the order or decision does not substantially affect a fundamental vested right, the trial court's inquiry will be limited to a determination of whether or not the findings are supported by substantial evidence in the light of the whole record." ■ It cannot be doubted that Lyman's right to continue in his permanent public employment was a "vested right" within the meaning of that rule.

## III

Although the briefs for the district discuss, at great length, the fact that Lyman was engaged in an unlawful strike, it is clear, as the language of the first notice shows, that he was not terminated because he participated

in the work stoppage, but solely because of the altercation with Butler.[2] On that issue, the trial court, properly exercising its independent judgment, found:

"On July 23, 1976, Respondent, without just cause, discharged Petitioner Kim Lyman from his position as power equipment operator No. 2 due to an altercation with Willie G. Butler.

"The altercation on July 9, 1976 between Willie G. Butler and Petitioner Kim Lyman could not be relied upon by Respondents as just cause for terminating Petitioner Kim Lyman insofar as Petitioner Kim Lyman acted in self-defense in that incident." That finding is supported by the record, which shows only that Lyman and Johnson had gone to Butler's home to warn him of potential physical harm from other strikers and that there was no evidence as to who had originated the brawl between Lyman and Butler. Butler's own affidavit says: "I asked him what he was doing there and he said to me words to the following effect: 'I came to warn you that someone was out to mess you up.' I asked him whether that would be him and he said, 'You know me better than that.' I had asked Thompson to come to the gate but he did not. Lyman and I then started shoving each other and this led to an exchange of blows between us. I do not know who started the shoving or who threw the first blow."

## IV

The district argues that, in reaching its decision, the trial court improperly relied on depositions that were not presented at the "hearing" before its managing officers. The short answer to that contention is that the district stipulated to the receipt and consideration of those depositions.

## V

■ The judgment herein appealed from reads as follows:

"It Is Hereby Ordered that a Peremptory Writ of Mandate in due form be issued requiring Respondents to reinstate Petitioner Kim Lyman

[2]The trial court found, in its finding of fact No. 14: "There is no evidence in the record that Respondent [district] terminated Petitioner Lyman for participating in the work stoppage engaged in by Petitioner Local 660."

to his former job classification as power equipment No. 2 with the restoration of all wages and benefits lost from July 23, 1976 to the date of his reinstatement." The district reads that judgment as denying to it any set-off for earnings by Lyman after his termination and prior to his reinstatement. That reading is incorrect. The wages "lost" are the wages Lyman would have received less his outside earnings. If the parties are unable to agree on the dollar amount of such "lost"—i.e., net—wages, the proper procedure is to hold a hearing, after our remand, on the district's return to the writ of mandate.

The judgment is affirmed.

Jefferson (Bernard), J., and Alarcon, J., concurred.