Filed 3/6/23  In re E.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re E.M., Jr. et al., Persons Coming Under the Juvenile Court Law. | B316751 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP02984A-B) |

APPEAL from orders of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Dismissed.

Donna P. Chirco, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Senior Deputy County Counsel, for Plaintiff and Respondent.

E.M. (Father) appeals from juvenile court orders assuming dependency jurisdiction over his sons, E.M., Jr. (age 9) and J.M. (age 17), and removing both children from his custody. Father's opening brief makes clear he is only challenging the jurisdiction finding and removal order pertaining to J.M., his older adopted son, and not E.M., Jr. Father also asserts the juvenile court did not oversee an adequate inquiry under the Indian Child Welfare Act (ICWA) and related California law.

The parties are familiar with the facts, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261-1264 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

\*   \*   \*

1.   "A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.] A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any

effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.] [¶] This rule applies in the dependency context. (*In re N.S.* (2016) 245 Cal.App.4th 53, 60[ ] ['the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error'].) A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding.'" [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Even where a dependency appeal is moot, courts "may exercise their 'inherent discretion' to reach the merits of the dispute." (*Id.* at 282, 285-286 [enumerating considerations to guide decisions on whether to exercise discretion to reach the merits].)

2. Father's challenge to the order removing J.M. from his custody is moot. For well over a year—and before the institution of dependency proceedings in this case triggered by Father's domestic violence with his girlfriend and his alcohol abuse—J.M. chose not to live with Father and instead resided first with a friend and then with a maternal uncle. J.M. told social workers he refused to live with Father because he was emotionally and physically abusive toward J.M. and his (biological) mother. Father acquiesced in J.M.'s decision to live elsewhere, and there is no evidence Father ever attempted to override J.M.'s decision to distance himself from Father. Because the juvenile court's removal order merely maintained the long-existing status quo between Father and J.M., reversal of that

3

order would provide no effective relief.  Furthermore, as of the date of this opinion's filing, J.M. is less than two months from his 18th birthday—34 days to be exact.  Even if reversal of the removal order could have some theoretical practical effect notwithstanding J.M.'s years-long efforts to avoid living with Father, that theoretical effect would in all likelihood be exceedingly short-lived—probably mere days because this opinion is not final for at least 30 days after filing (Cal. Rules of Court, rules 8.264(b), 8.272(b), 8.470)—in light of J.M.'s impending 18th birthday.  Under these circumstances, we see no good reason to exercise our discretion to decide the moot issue of the removal order.

3.	Father's challenge to the jurisdiction finding against him with respect to J.M. is also moot.  A reversal of the jurisdiction finding would provide no effective relief for three reasons: (1) there is an unchallenged jurisdiction finding against J.M.'s mother, which means jurisdiction over J.M. will continue even with reversal of the finding against Father; (2) there is an unchallenged jurisdiction finding *against Father* as to E.M., Jr. that will remain in place and is based on the same factual predicate as the jurisdiction finding for J.M.; and (3) as with the removal order, any theoretical operative effect of a reversal of the jurisdiction finding is negligible in light of J.M.'s impending 18th birthday.  Under these circumstances, we also see no good reason to exercise our discretion to decide the moot jurisdiction issue.

4.	Father also contends the juvenile court's ICWA finding, made at the time of its jurisdiction finding and disposition order, is infirm.  The Los Angeles County Department of Children and Family Services (Department) has asked us to judicially notice juvenile court minute orders reflecting additional

4

ICWA-related inquiry undertaken by the juvenile court and a direction from the court to the Department to inquire of extended family members and report on the results of those interviews. We grant the request for judicial notice and hold the ICWA claim raised on appeal is accordingly moot. (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635.) Insofar as we have discretion to reach this moot issue as well, we decline to exercise it.

## DISPOSITION

The appeal is dismissed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

I concur:

RUBIN, P. J.

MOOR, J., Concurring and Dissenting.

I concur only in part 4 of the majority opinion, on the issue of Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) compliance.

I disagree with the majority's conclusion that father's appeal of the jurisdictional findings and dispositional orders as to J.M. is moot and write separately to explain the reasons for addressing the appeal on the merits.

While this case was pending before us, the California Supreme Court provided updated guidance for determining whether an appeal from a juvenile court's jurisdiction findings is moot. (*In re D.P.* (2023) 14 Cal.5th 266.) A case is moot when the reviewing court cannot provide effective relief, defined by the Supreme Court as follows: "relief is effective when 'it can have a practical, tangible impact on the parties' conduct or legal status.' " (*Id.* at p. 277.) The Supreme Court further explained that "a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent [citation]." (*Id.* at pp. 277–278.) Where "reversal of the jurisdictional finding calls into question the validity of orders based on the finding, review of the jurisdictional finding can grant the parent effective relief." (*Id.* at p. 277.)

Father challenges the juvenile court's jurisdictional findings that J.M. was at substantial risk of serious physical harm under Welfare and Institutions Code section 300, subdivisions (b) and (j). If we agreed with father's argument that there is insufficient evidence to support the jurisdictional

findings, reversal of those findings would also require reversal of the order removing J.M. from father's custody. (See, e.g., *In re Isabella F.* (2014) 226 Cal.App.4th 128, 141 [reversing dispositional order based on reversal of jurisdictional findings].) This case is not moot, because reversing the removal order would remedy an ongoing harm by restoring father's parental custody rights.[1] (*In re D.P., supra,* 14 Cal.5th at p. 276.)

Because the parties have not raised J.M.'s age as an issue precluding a decision on the merits, and because I believe a bright-line approach is preferable, I would not find father's appeal to be moot based on J.M.'s age. At the time of our decision, J.M. is still a minor. Determining mootness based on how close a minor is to turning 18 injects the potential for uncertainty and arbitrariness into dependency cases.

Although J.M. has expressed in the past that he wants to avoid living with father, we do not know what has happened in the relationship between father and J.M. in the 16 months since the filing of the appeal. The limited, updated information we do have, from the minute orders judicially noticed, is that by September 2022, father was in compliance with his case plan for both children, and J.M.'s younger brother had returned to father's home. As the Supreme Court has cautioned (even in the

---

[1]     The other purported grounds for mootness are unconvincing to me, because they do not form the basis for the removal order affecting father's custody rights. The unchallenged jurisdiction finding against J.M.'s mother means that the court will retain jurisdiction over J.M., but it does not preclude reversal of the order removing J.M. from father's custody. The same is true as to the unchallenged jurisdiction finding against father as to J.M.'s younger brother.

context of a moot appeal):  "Given the short timeframes associated with dependency cases and the potentially significant, if sometimes uncertain, consequences that may flow from jurisdictional findings, consideration of the overarching purposes of the dependency system may counsel in favor of reviewing a parent's appeal despite its mootness."  (*In re D.P.*, *supra*, 14 Cal.5th at pp. 286–287.)

I would reach the merits of father's challenge to the jurisdictional findings and dispositional orders.


MOOR, J.