Filed 1/30/24  In re R.L. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re R.L. et al., Persons Coming Under the Juvenile Court Law. | B325295 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 22CCJP02199A-B) |

APPEAL from orders of the Superior Court of Los Angeles County, Tamara E. Hall, Judge.  Dismissed.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

The parties are familiar with the facts, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated.  (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

J.M. (father) appeals from juvenile court orders assuming dependency jurisdiction over his daughters, R.L. (born February 2005) and G.L. (born January 2006), based on mother's physical abuse and father's failure to protect, and removing both children from his custody.

The Los Angeles County Department of Children and Family Services (the Department) argued in its respondent's brief that father's appeal should be dismissed as moot with respect to R.L., because she had turned 18.  Father did not address the mootness argument in his reply brief.

On January 4, 2024, we invited the parties to file supplemental letter briefs addressing whether the appeal was moot and should be dismissed because G.L. had also reached the age of majority.  The Department urged us to dismiss father's appeal as moot.  The Department attached minute orders reflecting that the juvenile court had terminated dependency jurisdiction over R.L. on March 10, 2023, and over G.L. on

2

December 13, 2023.[1]  In his letter brief, father asked this court to exercise its discretion to reach the merits of his appeal because the difference between a determination that father is an offending parent versus a non-offending parent could impact father in future juvenile dependency or child custody proceedings involving other children.

   " '[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.' " (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re D.P.* (2023) 14 Cal.5th 266, 275.)  An " 'appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief.' " (*Rashad D.*, at p. 163.)  "A reviewing court must ' "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding." ' " (*D.P.*, at p. 276.)

   "Even when a case is moot, a court may exercise its 'inherent discretion' to reach the merits of the dispute." (*In re D.P., supra*, 14 Cal.5th at p. 282.)  Discretionary review generally is appropriate only when a case presents an issue of broad public interest that is likely to recur, when the controversy between the parties may recur, or when a material question remains for the court's determination. (*Ibid.*)  The Supreme Court identified several additional, non-exhaustive factors for evaluating whether discretionary review of a moot case may be warranted.  (*Id.* at

---

   [1] We take judicial notice of the juvenile court's minute orders.  (Evid.Code, §§ 452, subd. (d)(1), 455, 459.)

pp. 284–286.) First, the court may consider whether the challenged jurisdiction finding could impact current or future dependency proceedings, for example, by influencing the child protective agency's decision to file a new dependency petition or the juvenile court's determination about further reunification services. (*Id*. at p. 285.) Second, the court may consider the nature of the allegations against the parent: "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id*. at p. 286.) Third, the court may consider whether the case became moot due to prompt compliance by parents with their case plan: "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid*.)

Father's challenge to the jurisdictional findings and removal order is moot. Both G.L. and R.L. reached the age of 18 while father's appeal was pending, and the juvenile court has terminated the dependency case. Even if we were to agree with father's arguments on appeal, reversal of challenged findings and orders would have no practical effect in light of the termination of the underlying dependency case. We are unpersuaded by father's argument about the possible adverse effects of allowing the jurisdictional findings to go unchallenged. Not only is father's argument speculative, it also falls flat in light of his prior involvement with the Department, including a dependency case that ended in termination of father's parental rights as to a different daughter, and prior substantiated referrals of emotional abuse and general neglect. Under these circumstances, we see no

4

good reason to exercise our discretion to decide the moot issues of jurisdiction and removal.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


MOOR, J.

We concur:


RUBIN, P. J.


KIM, J.