Filed 12/10/24 In re A.G. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | B328990 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>Ariana G.<br><br>    Defendant and Appellant;<br><br>A.G.,<br><br>    Respondent. | Los Angeles County Super. Ct. No. 22CCJP05027 |

        APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge. Dismissed.
        Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.
        Deborah Dentler for A.G., a Person Formerly Coming Under the Juvenile Court Law.

# Memorandum Opinion

We resolve this case by memorandum opinion as the parties are familiar with the facts, and our opinion does not meet the criteria for publication. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261–1264; Cal. Rules of Court, rule 8.1105(c).)

Ariana G. (mother) appeals from a juvenile court exit order awarding Antonio G. (father) sole legal custody of their two children, J.G. and A.G. Mother's challenge on appeal focuses solely on A.G. A.G., however, reached the age of 18 while mother's appeal was pending and therefore is no longer under the juvenile court's jurisdiction nor subject to custody by either parent.

On August 26, 2024, we invited the parties to file supplemental letter briefs addressing whether the appeal was moot and should be dismissed because A.G. had reached the age of majority. Minor's counsel submitted the matter to this court on the briefing and the record. In her letter brief, mother contends her appeal is not moot because she "'has demonstrated a specific legal or practical consequence that will be averted upon reversal.'" Namely, mother contends the outcome of this appeal "may infect future dependency proceedings involving her two younger children."

"'[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'" (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163; see *In re D.P.* (2023) 14 Cal.5th 266, 276.) An "'appeal may become moot where subsequent events . . . render it impossible for the reviewing court to grant effective relief.'" (*In re Rashad D.*, at p. 163.) "A reviewing court must "'decide on a case-by-case basis whether

2

subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding.""" (*In re D.P.*, at p. 276.)

Here, mother challenges the juvenile court's exit order granting father sole custody. But the family court only has subject matter jurisdiction to adjudicate custody over "minor" children, which is statutorily defined as a person under 18 years of age. (See Fam. Code, §§ 2010, subd. (b), 3022 [jurisdiction extends to parties' minor children]; see also Fam. Code §§ 6500, 6501 [defining "minor"].) Thus, even if we were to reverse the exit order, the family court no longer has jurisdiction to make orders regarding the custody of A.G., who is no longer a minor. (*Edwards v. Edwards* (2008) 162 Cal.App.4th 136, 143 [an adult is not in the custody of either parent]; see also *In re Marriage of Jensen* (2003) 114 Cal.App.4th 587, 594 [Under Family Code section 7505, subdivision (c), parental authority over a child ceases by operation of law when the child reaches the age of majority].) Because we cannot render effective relief, this appeal is moot.

Mother's argument that her appeal is not moot because it could impact future family or dependency proceedings is misplaced. Whether the challenged finding could impact future proceedings does not determine whether her appeal is moot. Instead, as discussed below, this argument goes to whether discretionary review is appropriate. (*In re D.P.*, *supra*, 14 Cal.5th at p. 285.) Similarly, mother incorrectly relies on *In re Nathan E.* (2021) 61 Cal.App.5th 114 (*Nathan E.*). The appellate court in *Nathan E.* did not, as mother contends, find an appeal was not moot because purported error could infect future dependency

3

proceedings. Rather, the court exercised its discretion to consider a moot appeal. (*Id*. at p. 121.)

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) Discretionary review generally is appropriate only when a case presents an issue of broad public interest that is likely to recur, when the controversy between the parties may recur, or when a material question remains for the court's determination. (*Ibid*.) Our Supreme Court identified several additional, non-exhaustive factors for evaluating whether discretionary review of a moot case may be warranted. (*Id*. at pp. 285–287.) First, the court may consider whether the challenged finding could impact current or future dependency proceedings, for example, by influencing the social service agency's decision to file a new dependency petition or the juvenile court's determination about further reunification services. (*Id*. at p. 285.) Second, the court may consider the nature of the findings against the parent: "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id*. at p. 286.) Third, the court may consider whether the case became moot due to prompt compliance by parents with their case plan: "It would perversely incentivize noncompliance if [the] mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid*.)

The first factor weighs in favor of discretionary review because the exit order granting father sole legal custody may impact future family or dependency proceedings regarding mother's other children. (*In re D.P.*, *supra*, 14 Cal.5th at p. 285.) One factor alone, however, does not warrant reaching the merits

4

of mother's challenge. (*Id.* at p. 286.) As to the second factor, the challenged finding was based on mother's substance abuse issues. While these issues are serious, we do not consider them so egregious as to merit review in this case. (See *id.* at p. 286.) As to the third factor, this appeal became moot because A.G. reached the age of 18, not because of mother's prompt compliance with the case plan. Indeed, mother contributed to delayed resolution by failing to promptly address her drug use and by consistently failing to drug test. Denying merits review in this case would, therefore, not "perversely incentivize noncompliance" with a juvenile court's orders. (*Ibid.*) Consequently, this factor cuts against discretionary review of her appeal.

No other factor supports reaching the merits. Mother's appeal is fact-specific as to the findings against her, and she does not argue that there may be a recurrence of the issues between the parties or that a material question remains. Finally, mother does not assert that this case involves issues of broad public interest. Under these circumstances, we see no good reason to exercise our discretion to decide any moot issues.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, P. J.

We concur:


COLLINS, J.


ZUKIN, J.

6